UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL KORNHAUSER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | Case No. 14-cv-05610-HSG   (SK)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS**<br><br>Regarding Docket Nos. 33, 34 |

　　　　Plaintiff Samuel Kornhauser moves to compel further interrogatory responses and production of documents from Defendant United States of America (Commissioner of Internal Revenue). Plaintiff seeks: (1) further answers to Interrogatory Nos. 1, 2, 3, 4 and 5; and (2) further response to and production of documents responsive to Document Request Nos. 1, 2, 8, 9, 11, 12, 13, 16, 20, 21, 23, 24 and 25. Plaintiff filed his initial motion to compel within the 7-day time period required by Civil Local-R. 37-3. Therefore, the Court finds that Plaintiff timely submitted this motion to compel for determination under Civil Local-R. 37-30.[1] This motion is fully briefed and suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b). Upon review of the discovery, the briefs of the parties, and the file of this action, the Court hereby GRANTS IN PART and DENIES IN PART Plaintiff's motion to compel, as set forth below.

**A.　BACKGROUND**

　　　　Plaintiff seeks a refund from the IRS in the sum of $174,764, alleging he overpaid his 1998 federal income taxes. In 2008, the IRS notified Plaintiff that the 1998 return and payment had not been received, assessing penalties and interest on the taxes due. (Docket No. 33.) Plaintiff asserts that the IRS lost his payment and that a three-year statute of limitation has rendered the IRS' 2008

---

[1] This analysis is separate from the issue of timeliness based on discovery deadline, as explained further below.

1  notice of deficiency untimely. (*Id.*)

**B.  STANDARD**

The disposition of Plaintiff's motion is dictated in large part by the proper scope of discovery as defined in Rule 26 of the Federal Rules of Civil Procedure. According to the recently revised Federal Rule of Civil Procedure 26(b)(1), a party may "obtain discovery regarding any non-privileged matter that is relevant to the party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action . . . the importance of the discovery in resolving the issues, and why the burden or the expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). If the court determines that the proposed discovery is outside the scope permitted by Rule 26(b)(1), the court "must limit the frequency or extent of the discovery otherwise allowed." Fed. R. Civ. P. 26(b)(2)(C)(iii).

**C.  ANALYSIS**

Plaintiff's motion is based in large part on Defendant's assertion that the discovery sought was overly broad and burdensome. In some instances the Court agrees with Defendant. In those instances, the discovery sought is not proportional to the needs of the case. In other instances, the Court finds that the Defendant should have more narrowly construed the request.

**1.  PLAINTIFF'S INTERROGATORY NOS. 1 – 5.**

Interrogatory Nos. 1 and 2 seek facts that support Defendant's contention that Plaintiff did not file his 1998 tax return and pay the IRS his 1998 taxes on or about July 21, 2000. Defendant responded that it has no record that Plaintiff filed or paid his 1998 federal taxes. Unsatisfied, Plaintiff asks the Defendant to establish a negative, i.e., provide all facts that show that Plaintiff did not file his return or pay his taxes. The Court finds that Plaintiff's arguments are unreasonable and that Defendant's responses were adequate. Plaintiff's request to compel further responses to Interrogatory Nos. 1 and 2 is DENIED.

Interrogatory No. 3 seeks to ascertain <u>why</u> the IRS did not notify Plaintiff of his failure to file returns or pay taxes for 1998 until 2007. Defendant responded that the IRS notified Plaintiff "in the course of its tax administration" and that he was identified because he received a "substantial income." Defendant acknowledges <u>when</u> Plaintiff was notified, but not <u>why</u> it

occurred years later. The Court agrees that the response is inadequate and GRANTS Plaintiff's request to compel a further response to Interrogatory No. 3.

Interrogatory Nos. 4 and 5 seek information regarding the IRS' errors from 1997 to the present in which the IRS mistakenly claimed that it had not received a tax return or tax payment, when in fact it had. It would be overly burdensome to ask the IRS to review all of its records (identified in the moving papers as "billions each year") to ascertain if there were errors involving other tax payers akin to those alleged in this action. Moreover, such information would be of little probative value, if any, to the resolution of the question of whether or not this Plaintiff filed his returns or paid his taxes in 1998. Given that the requests are outside the scope allowed by Fed. R. Civ. P. 26(b)(1), the request to compel further responses to Interrogatory Nos. 4 and 5 is DENIED.

### D. PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

Document Request Nos. 1 and 2 seek documentation supporting the Defendant's contention that Plaintiff failed to file a Form 1040 or pay taxes in the year 1998. Defendant referred Plaintiff to previously produced documents and objected on the grounds of privilege and work product protections. Plaintiff is concerned that Defendant did not perform a diligent search for documents. Plaintiff is entitled to all documents responsive to a diligent search of all locations at which such materials might plausibly exist. Fed. R. Civ. P. 34. It was often unclear in Defendant's responses if the Defendant had conducted a diligent search and reasonable inquiry into the existence of the documents requested, but was unable to comply, as required by Federal Rule of Civil Procedure 34. It was also unclear if Defendant had previously produced all responsive documents. Therefore, to respond in accordance with this order, Defendant should affirmatively indicate where it has already produced all responsive documents after a diligent search and reasonable inquiry. If Defendant has conducted a diligent search of all such locations, it should so clarify. If not, it should conduct the search and produce responsive documentation. If there are responsive documents that are withheld due to their privileged or protected status, they should be adequately described in compliance with the provisions of Rule 26(b)(5) and the basis for withholding provided. Plaintiff's request to compel production of documents in response to Document Requests Nos. 1 and 2 is GRANTED.

Document Request No. 8 seeks "all IRS files relating to" the Plaintiff. Defendant contends that this request seeks irrelevant information, is overly broad and vague as it seeks all documents that could possibly be related to Plaintiff, to which the Court agrees. Plaintiff's request to compel a further response to Document Request No. 8 is DENIED.

Document Request No. 9 (seeking "[a]ll IRS files, records, or documents that refer or relate to the IRS not receiving tax returns from any taxpayer for the year of 1998") and Document Request No. 11 (seeking "all documents from 1997 to the present that refer or relate to a taxpayer claiming or asserting that the IRS did not receive a tax return which the taxpayer claimed to have filed with the IRS") are overly broad and, given the voluminous document review involved, overly burdensome. Further, the information sought has limited, if any, probative value and therefore is not proportional to the needs of the case. Therefore, the request to compel further response to Document Request Nos. 9 and 11 is DENIED.

Document Request Nos. 12 and 13 seek documentation of claims by other taxpayers alleging that the IRS failed to properly acknowledge or credit tax returns, as well as documentation of instances where the IRS, Department of Justice or any court acknowledged such error. The requests are overbroad and overly burdensome. Moreover, such information would be of little probative value, if any, to the resolution of the question of whether or not this Plaintiff filed his returns or paid his taxes in 1998 and is thus outside the scope of discovery permitted by Rule 26(b)(1). Therefore, the request to compel further response to Request Nos. 4 and 5 is DENIED.

Document Request No. 16 seeks documents "that refer or relate to the IRS failure from 1999 to 2007 to assert that it had not received Samuel Kornhauser's 1998 tax record and/or 1998 tax payment." In response, Defendant objected to Plaintiff's characterization of the IRS audit procedures and its contact with Plaintiff. It then referred Plaintiff to the already produced audit documentation. While Plaintiff's request is awkwardly phrased, it does not seek Plaintiff's audit records. Plaintiff seeks documents regarding the delay in notifying Plaintiff that his tax record and payment had not been received. Defendant's objection and referral were not responsive to the document request. The request to compel further response to Request No. 16 is GRANTED.

Again, Defendant is required to provide a response that complies with Rule 34 and, where applicable, produce responsive, non-privileged documents.

### E.  PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS.

Defendant objects to the Second Request for Production of Documents on the grounds that it was untimely. The Second Request for Production was served electronically and by mail on October 26, 2015, thirty days prior to the discovery cut-off of November 25, 2015. (Dkt. No. 23.) Had the parties previously agreed to electronic service, the discovery would have been timely served pursuant to Federal Rule of Civil Procedure 5(b)(2)(E). However, there is no indication that such an agreement was in place, and Plaintiff, as the moving party for this motion, has the burden to show that the discovery was served in a timely manner to comply with the Court-ordered deadlines.

Plaintiff contends that his Second Request for Production was triggered by Defendant's supplemental disclosure of information on October 23, 2015. (Dkt No. 33.) In light of the new disclosures, the Court finds good cause to allow Plaintiff to pursue discovery only related to Defendant's October 23, 2015 Supplemental Disclosure. Fed. R. Civ. P. 16(b)(4). Of the requests at issue in this motion, only Request No. 20 is related to Defendant's October 23, 2015 Supplemental Disclosure.[2]

Request No. 20 seeks "All statements from or correspondence with or notes regarding communications with each of witnesses you listed in Sections i(1), i(2), i(3), i(4), and i(5) on pages 1 and 2 of your October 23, 2015 'United States' Supplemental Disclosures' in this case." Defendant objected on the grounds that the request is vague and overbroad as it does not state what specific statements or communications Plaintiff seeks or the topics of such topics and statements. The Court overrules these objections.

Defendant further objects to the request as they relate to Sections i(2), i(3), and i(4) because they seek statements protected by the attorney-client privilege and work product doctrine.

---

[2] Had Plaintiff been allowed to pursue Request Nos. 21, 22, 23 and 25, the Court would have denied Plaintiff's motion on the grounds that they were either overly broad or otherwise outside the scope of Rule 26(b)(1).

5

1   Depending on the documentation in Defendant's possession, the objections may be proper and the
2   documentation protected, e.g., counsel's notes from witness interviews.  *Upjohn v. U.S.* (1981)
3   449 U.S. 383, 399.  While the Court does not overrule the Defendant's objections, it does find
4   fault in Defendant's response.  If there are responsive documents that are withheld due to their
5   privileged or protected status, they should be adequately described in compliance with the
6   provisions of Rule 26(b)(5) and the basis for withholding provided.  The blanket objection was
7   inadequate.  Therefore, Plaintiff's Request to Compel is GRANTED subject to the Defendant's
8   objections with regard to i(2), i(3) and i(4) and Defendant's compliance with Fed. R. Civ. P. Rule
9   26(b)(5).

10   **IT IS SO ORDERED**.

11   Dated: January 8, 2016

_____
SALLIE KIM
United States Magistrate Judge

United States District Court
Northern District of California