UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAMUEL KORNHAUSER,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 14-cv-05610-HSG

**ORDER DENYING PLAINTIFF'S AND DEFENDANT'S CROSS MOTIONS FOR SUMMARY JUDGMENT**

Re: Dkt. Nos. 35, 37

Plaintiff Samuel Kornhauser filed the current action against Defendant the United States of America to recover an alleged overpayment of his 1998 federal tax liability. Plaintiff and Defendant filed cross-motions for summary judgment. Dkt. Nos. 35, 37. For the reasons articulated below, and as ordered at the hearing on February 11, 2016, the Court hereby DENIES both motions for summary judgment.

**I. BACKGROUND**

The following facts are not genuinely in dispute.

In 1998, Plaintiff's federal tax liability was $174,764. *See* Dkt. No. 47, Ex. 2 ("Form 4340") at 2. Official Internal Revenue Service ("IRS") records contain no evidence of Plaintiff filing a 1998 income tax return prior to 2007 or making payments towards his 1998 income tax liability prior to 2009. *Id.*; Dkt. No. 38-3, Ex. 6; Dkt. No. 46, Petrovic Decl., ¶ 7.

On September 7, 2009, the IRS assessed Plaintiff $174,764 for his 1998 federal income tax liability. Dkt. No. 46, Petrovic Decl., ¶ 8. In response to repeated notices from the IRS, Plaintiff paid the IRS assessment of $174,764 in January of 2013. *See* Dkt. No. 36, Ex. 4 at 46-47; Dkt. No. 38-1, Ex. 2 at 4. On June 26, 2013, Plaintiff claimed a tax refund of $174,764 because he believed that he had paid his 1998 federal tax liability twice — once in July of 2000 and again in

January 2013. *See* Dkt. No. 36, Ex. 4 at 44-45. The IRS denied the claim.

As of July 2000, upon acceptance of a hand-delivered federal tax return, the IRS's procedure was to stamp the return with a "Received Date Stamp" and to provide the taxpayer with either (1) a stamped copied of the tax return if the taxpayer had brought an extra copy or (2) a photocopy of the front page of the return reflecting the "Received Date Stamp." *See* Dkt. No. 46, Holness Decl., ¶ 5. If a taxpayer hand-delivered his federal income tax payment with his tax return, the IRS would also provide a photocopy of the check. *Id.* ¶ 7.

Although Plaintiff contends that he filed and paid his 1998 federal taxes in-person on July 21, 2000, Plaintiff has neither a stamped copy of his tax return nor a photocopy of the stamped first page of his tax return. Dkt. No. 40, Ex. 7 at 19:5-16. Nor does Plaintiff possess a photocopy of the check allegedly used to pay his 1998 federal taxes, or other documentary evidence that such a check was issued. *See id.* at 25:2-21, 28:11-18.

Also in July 2000, the California Franchise Tax Board required a taxpayer filing his 1998 state tax return to attach a copy of his federal tax return. *See* Dkt. No. 36, Ex. 3 at 20:2-5. On July 21, 2000, the California Franchise Tax Board received Plaintiff's 1998 state tax return and associated payment, along with an unstamped copy of his 1998 federal tax return. *See* Dkt. No. 36, Exs. 2, 11 at 22:18-23:2.

There are no third-party witnesses who corroborate Plaintiff's testimony that he filed and paid his 1998 federal taxes on July 21, 2000. *See* Dkt. No. 49, Ex. 7 at 18:6-10.

**II.     LEGAL STANDARD**

Summary judgment is proper where the pleadings and evidence demonstrate "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material issue of fact is a question a trier of fact must answer to determine the rights of the parties under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party bears "the initial responsibility of informing the district court of the

basis for its motion." *Celotex*, 477 U.S. at 323.  To satisfy this burden, the moving party must demonstrate that no genuine issue of material fact exists for trial. *Id.* at 322.  To survive a motion for summary judgment, the non-moving party must then show that there are genuine factual issues that can only be resolved by the trier of fact. *Reese v. Jefferson Sch. Dist.*, No. 14J, 208 F.3d 736, 738 (9th Cir. 2000).  To do so, the non-moving party must present specific facts creating a genuine issue of material fact.  Fed. R. Civ. P. 56(c); *Celotex*, 477 U.S. at 324.  "A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." *F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997), *as amended* (Apr. 11, 1997).

The court must review the record as a whole and draw all reasonable inferences in favor of the non-moving party. *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). However, unsupported conjecture or conclusory statements are insufficient to defeat summary judgment. *Id.*  Moreover, the court is not required "to scour the record in search of a genuine issue of triable fact," *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996) (citations omitted), but rather may limit its review to the documents submitted for purposes of summary judgment and those parts of the record specifically referenced therein." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1030 (9th Cir. 2001).

**A.   Discussion**

The Parties move for summary judgment with regard to two issues:  (1) whether Plaintiff filed his 1998 federal tax return on or around July 21, 2000 and (2) whether Plaintiff paid his 1998 federal tax liability on or around July 21, 2000.  Plaintiff also moves for summary judgment as to (3) whether the IRS's notice of deficiency and tax assessment is barred by the three-year statute of limitations under 26 U.S.C. § 6501 and (4) whether the IRS is equitably estopped from assessing Plaintiff's 1998 tax liability because of evidence spoliation.

**i.   Plaintiff's Motion for Summary Judgment**

**a.   Whether Plaintiff Filed 1998 Return and Made His Payment in 2000**

The crux of Plaintiff's motion is that "there is no admissible evidence from the IRS records to refute that [Plaintiff] delivered his 1998 tax return and . . . tax payment . . . to the San Francisco

1  IRS officer on July 21, 2000." *See* Dkt. No. 35, Pl.'s Mot. for Summ. J. ("Pl. MSJ"), at 8.

2  Plaintiff is incorrect. Defendant has submitted Plaintiff's form 4340, which shows no record of Plaintiff filing his 1998 federal tax return prior to 2007 or making payments towards his 1998 income tax liability prior to 2009. *See* Form 4340 at 2; Dkt. No. 38-3, Ex. 6; Dkt. No. 46, Petrovic Decl., ¶ 7. Certificates of Assessments and Payments, such as forms 4340, are "probative evidence in and of themselves and, in the absence of contrary evidence, are sufficient to establish that . . . assessments were properly made." *Koff v. United States*, 3 F.3d 1297, 1298 (9th Cir. 1993). Moreover, Certificates of Assessments and Payments are admissible in evidence as public records. *Hughes v. United States*, 953 F.2d 531, 539 (9th Cir. 1992).

Accordingly, the Court may consider Plaintiff's form 4340, and the IRS has proffered sufficient evidence to raise a genuine dispute as to whether Plaintiff filed and paid his 1998 federal taxes on or around July 21, 2000.

### b. Statute of Limitations

Plaintiff also contends that the IRS's tax assessment is barred by the three-year statute of limitations under 26 U.S.C. § 6501(a). *See* Pl. MSJ at 11-12.

26 U.S.C. § 6501(a) reads: "[T]he amount of any tax imposed by this title shall be assessed within 3 years *after the return was filed*." 26 U.S.C. § 6501(a) (emphasis added). However, 26 U.S.C. § 6501(c)(3) provides that "[i]n the case of *failure to file a return*, the tax may be assessed . . . at any time." 26 U.S.C. § 6501(c)(3) (emphasis added).

Here, the applicable subsection of 26 U.S.C. § 6501 hinges on whether Plaintiff filed his 1998 federal tax return on or about July 21, 2000. *See* 26 U.S.C. § 6501(a); 26 U.S.C. § 6501(c)(3). As stated above, the Court has found that there is a genuine dispute of material fact as to whether, and when, Plaintiff filed his 1998 federal tax return, and thus, the Court cannot resolve the statute of limitations issue at this stage.

### c. Equitable Estoppel Due to Spoliation of Evidence

Finally, Plaintiff asserts that the IRS should be equitably estopped from its tax assessment because it engaged in spoliation of evidence. *See* Pl. MSJ at 9-11. The IRS strongly contests any allegation of affirmative misconduct. Dkt. No. 45 at 15-19; Dkt. No. 46, Doolittle Decl., ¶¶ 5, 7.

1    Equitable estoppel requires: "(1) knowledge of the true facts by the party to be estopped;
2    (2) intent to induce reliance or actions giving rise to a belief in that intent; (3) ignorance of the true
3    facts by the relying party; and (4) detrimental reliance." *Bolt v. United States*, 944 F.2d 603, 609
4    (9th Cir. 1991). "[F]or the government to be estopped there must be affirmative misconduct (not
5    mere negligence) and a serious injustice outweighing the damage to the public interest of
6    estopping the government." *Id.*
7    This fact-intensive issue also is not appropriate for summary judgment, and the Court
8    accordingly DENIES Plaintiff's motion for summary judgment.

### ii. Defendant's Motion for Summary Judgment

Defendant's motion for summary judgment turns on its argument that Plaintiff's uncorroborated, "self-serving" testimony as to when he filed and paid his 1998 federal taxes cannot overcome the presumption of correctness given to IRS deficiency determinations. *See* Dkt. No. 37, Def.'s Mot. for Summ. J., at 5-6.

However, the presumption of correctness given to IRS deficiency determinations is just that — a presumption that can be overcome with sufficient evidence at trial, not a final determination of the merits. Furthermore, that Plaintiff's declarations and testimony are self-serving is of no consequence. "[D]eclarations are often self-serving, and this is properly so because the party submitting it would use the declaration to support his or her position." *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497 (9th Cir. 2015). The self-serving nature of Plaintiff's evidence may bear on its credibility and weight at trial, but a "district court may not disregard a piece of evidence at the summary judgment stage solely based on its self-serving nature." *Id.*

Plaintiff's testimony contains sufficient facts about the filing and payment of his 1998 taxes such that it cannot be categorized as unsupported conjecture or conclusory. *See, e.g.*, Dkt. No. 36, Exhibit 10; *see also Hernandez v. Spacelabs Med. Inc.*, 343 F.3d at 1112. Moreover, Plaintiff's 1998 California state tax return received on July 21, 2000, with the attached copy of his completed federal tax return has been recognized as "strong circumstantial evidence" as to when he completed and filed his federal tax return. *See Lewis v. United States*, 144 F.3d 1220, 1223 (9th Cir. 1998); *see* Dkt. No. 36, Exs. 2, 11 at 22:18-23:2. Plaintiff has submitted sufficient

evidence to create a genuine dispute of material fact as to when he filed and paid his 1998 federal taxes.

Accordingly, the Court DENIES Defendant's motion for summary judgment.

## III. CONCLUSION

For the above reasons, Plaintiff's and Defendant's cross motions for summary judgment are DENIED. A jury's resolution of the issues in this case will hinge almost entirely on their assessment of witness credibility. Having not seen any witness testify live, the Court has no basis for evaluating such credibility at this point, and will simply point out the obvious: a trial in a case this heavily reliant on the jury's basic credibility assessments will involve substantial uncertainty and entail significant litigation risk for both sides.

The Parties shall engage in the previously ordered settlement conference as directed by Magistrate Judge James. *See* Dkt. No. 56. All other dates, including the April 12, 2016 pretrial conference and the May 2, 2016 trial date remain in effect.

**IT IS SO ORDERED.**

Dated: 2/19/2016

                                                                                    _____
                                                                                    HAYWOOD S. GILLIAM, JR.
                                                                                    United States District Judge